# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA STALLINGS, | ) | |
| | ) | |
| Plaintiff, | ) | 2: 10-cv-01388 |
| v. | ) | |
| | ) | |
| CELLCO PARTNERSHIP, | ) | |
| d/b/a VERIZON WIRELESS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Presently pending before the Court is the MOTION FOR SUMMARY JUDGMENT, with brief in support filed by Defendant Cellco Partnership d/b/a Verizon Wireless (*Document Nos. 14 and 15*), the BRIEF IN OPPOSITION filed by Plaintiff, Linda Stallings (*Document No. 20*), and the REPLY BRIEF filed by Defendant Cellco Partnership, d/b/a Verizon Wireless (*Document No. 22*). For the following reasons, the Motion will be granted in part and denied in part without prejudice.

## Background

Plaintiff, Linda Stallings, initiated this action by the filing of a Complaint on July 21, 2010, in the Court of Common Pleas of Allegheny County, Pennsylvania in which she asserts retaliation claims pursuant to the Pennsylvania Human Relations Act ("PHRA") against her former employer, Defendant Cellco Partnership, d/b/a Verizon Wireless ("Verizon Wireless"). Defendant removed the case to this Court on October 10, 2010.

Plaintiff alleges that Defendant illegally retaliated against her on two separate occasions: (i) when she was not hired for the position of Consultant – Human Relations ("HR-Consultant position") and (ii) when her employment was ultimately terminated in March 2008. Plaintiff alleges that on both occasions Defendant illegally retaliated against her because of prior charges

1

of discrimination which she had filed against Verizon Wireless and because of her participation in an internal Company investigation which involved an incident she characterizes as a "hate crime" (hereinafter referred to as the "Warrendale incident"). The Warrendale incident occurred on October 3, 2007, when an inter-office envelope containing an African-American doll with a noose around its neck and a note containing a racial epithet was discovered on the desk of one of Plaintiff's co-workers. The co-worker's name was written on the abdomen of the doll and a racial epithet was written on the doll's forehead and in the note. Plaintiff was present at the desk area of the employee to whom the envelope was addressed at the time the envelope was discovered and opened. The Warrendale incident was the subject of an internal Verizon Wireless investigation headed by Corporate Security Officer Diane Wilson, who interviewed approximately thirty (30) Verizon Wireless employees, including Plaintiff. The FBI eventually became involved in the investigation at which time Verizon Wireless discontinued its internal investigation.

Defendant has moved for summary judgment on three grounds. First, Defendant argues that Plaintiff has failed to exhaust her administrative remedies with regard to her failure to hire claim purportedly based upon her participation in the Company internal investigation of the Warrendale incident.

Next, Defendant argues that Plaintiff cannot establish the elements of a *prima facie* retaliation case on either her failure to hire and/or her termination claims as her participation in a Company investigation does not alone constitute protected activity. Defendant also argues that there is no causal connection between Plaintiff's participation in the internal investigation and the decisions to deny her the HR-Consultant position and/or to terminate her employment.

Defendant also contends that the decisionmakers in this case were not aware that Plaintiff had filed any prior discrimination claims against Verizon Wireless.

Finally, assuming *arguendo* that Plaintiff could establish a *prima facie* case, Defendant argues that it had legitimate, non-retaliatory business reasons for denying her the HR-Consultant position and for terminating her employment, namely that Plaintiff violated Verizon Wireless's Code of Conduct when she improperly accessed information about employees over whom she had no job responsibilities.

Plaintiff argues that granting summary judgment at this early stage of the litigation would be premature as she has not had an opportunity to conduct any discovery. With the exception of Plaintiff's failure to exhaust administrative remedies, the Court agrees with Plaintiff.

## Discussion

A. <u>Plaintiff Failed to Exhaust Her Administrative Remedies With Regard to Her Failure-to-Hire Claim Based on Her Participation in the Warrendale Incident</u>

Plaintiff alleges that Verizon Wireless failed to hire her for the HR-Consultant position for essentially two reasons: (i) she participated in the internal investigation of the Warrendale incident and (ii) she filed numerous discrimination charges against Verizon Wireless during her employment.

In order to bring a retaliation claim under the PHRA, a plaintiff must first file an administrative complaint with the Pennsylvania Human Relations Commission ("PHRC") within 180 days of the alleged adverse action. 43 P.S. § 959(a*); see also Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997).

The undisputed summary judgment record reflects that Plaintiff filed one administrative complaint, PHRC Charge No. 200703164, related to Defendant's failure to hire her for the HR-Consultant position, as well as Defendant's denial of other positions for which she had applied.

In both the original and amended charges, Plaintiff solely alleged that she was denied the positions in retaliation for the previous PHRC charges she had filed against Verizon Wireless. Neither the original PHRC Charge No. 200703164 nor the amended charge refer at all to the Warrendale incident or to Plaintiff's participation in the Company's internal investigation of the Warrendale incident.

On June 23, 2008, after her discharge, Plaintiff filed a separate PHRC charge against Verizon Wireless, PHRC Charge No. 200705033, in which she alleges that her employment had been illegally terminated because "within weeks of my challenging the promotions and/or reassignments of less qualified employees for positions I had applied for and as importantly, within weeks of my testimony regarding the Black Baby Doll with the noose, I was discharged." Document No. 16-15. The PHRC Charge NO. 200705033 is a single count PHRC Charge entitled "Discharge – Retaliation - Discrimination." The Charge does not refer at all to the denial of the HR-Consultant or other positions.

The Court finds that because the failure to hire claim as it relates to a retaliation claim purported on Plaintiff's participation in the Warrendale investigation falls outside the scope of the PHRC Charge No. 200703164, the sole administrative charge filed which relates to Defendant's failure to hire Plaintiff for the HR-Consultant position, the Court will dismiss with prejudice Plaintiff's PHRA failure-to-hire claim to the extent that it is based on Plaintiff's participation in the Warrendale internal investigation for failure to exhaust administrative remedies.

B.  <u>Plaintiff Is Entitled To Discovery On Her Remaining Retaliation Claims</u>

Defendant argues that summary judgment should be granted because (i) Plaintiff cannot state a *prima facie* case of unlawful retaliation because "the mere fact that [she] was interviewed does not constitute protected conduct," (ii) there is no causal connection between Verizon Wireless's actions and Plaintiff's participation in the Warrendale investigation or agency filings because the decisionmaker had no knowledge of either Plaintiff's participation in the Warrendale investigation or of her prior PHRC complaints against Verizon Wireless; (iii) the temporal proximity between Plaintiff's participation in the Warrendale investigation and her prior PHRC charges is too great to establish the necessary causal link between Plaintiff's actions and her termination; and (iv) Defendant had legitimate nonretaliatory reasons for its actions. The Court will address each of Defendant's arguments seriatim.

First, at this early stage of the litigation the Court is not able to determine whether Plaintiff's participation in the Warrendale investigation would not be considered protected activity under the PHRA. The PHRA provides that:

> It shall be an unlawful discrimination practice . . . for any . . . employer . . . to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individually has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act.

43 Pa.Cons.Stat.Ann § 995(d).

According to Defendant, following Verizon Wireless's internal investigation, the recipient of the package filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Thus, Plaintiff's retaliation claim as it relates to the Warrendale incident, if protected, would fall under the opposition clause. Defendant argues that Plaintiff does not assert any facts which demonstrate that her participation in the Company's

5

investigation rose to the level of opposition required for a retaliation claim. In *Barber v. CSX Distrib. Serv.*, 68 F.3de 693, 698 (3d Cir. 1995), the United States Court of Appeals for the Third Circuit instructed that courts should analyze the "message" conveyed. Defendant argues that Plaintiff's vague allegations suggest that Plaintiff "simply answered questions as a fact witness," which does not rise to protected activity under the PHRA.

It may well be that discovery will reveal that during her interview Plaintiff simply answered questions as a fact witness and made no statement(s) which would qualify as "protected activity" and, thus, did not engage in protected opposition under the PHRA. However, until such time, the Court finds that Plaintiff may maintain her retaliation claim of wrongful termination based on her participation in the internal Warrendale incident investigation.

Similarly, as to Defendant's remaining arguments, the Court finds and rules that an evidentiary record must be fully developed and therefore summary judgment is premature at this stage of the proceeding. Defendant has submitted a number of affidavits in support of its various arguments; however, Plaintiff and her attorney have not been given the opportunity to depose any of these witnesses. At this early stage of the litigation, the Court finds and rules that a significant number of important questions remain on which discovery is necessary.

**Conclusion**

For the hereinabove reasons, the Motion for Summary Judgment will be granted in part and denied in part. The Motion will be granted as to Plaintiff's retaliatory failure-to-hire claim to the extent that it is based on Plaintiff's participation in the Warrendale incident investigation for failure to exhaust administrative remedies. In all other respects, the motion for summary

judgment will be denied without prejudice to Defendant refilling same after the completion of discovery.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA STALLINGS, | ) | |
| | ) | |
| Plaintiff, | ) | 2: 10-cv-01388 |
| v. | ) | |
| | ) | |
| CELLCO PARTNERSHIP, | ) | |
| d/b/a VERIZON WIRELESS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COURT

**AND NOW**, this 24th day of June, 2011, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion for Summary Judgment filed by Defendant is **GRANTED IN PART AND DENIED IN PART** as follows:

(1)  The Motion for Summary Judgment is **GRANTED** as to Plaintiff's retaliatory failure-to-hire claim, to the extent that it is based on Plaintiff's participation in the Warrendale incident investigation for failure to exhaust administrative remedies; and

(2)  In all other respects, the motion for summary judgment is **DENIED** as premature.

A Case Management Conference shall be held before the undersigned on **Thursday, June 30, 2011 at 9:00 A.M.**, Courtroom No. 6C, 6th Floor, United States Post Office & Courthouse, Pittsburgh, PA.

                                                BY THE COURT:

                                                s/ Terrence F. McVerry
                                                United States District Court Judge

cc: Jean E. Novak, Esquire
Strassburger, McKenna, Gutnick & Gefsky
Email: jnovak@smgglaw.com

Amy E. Dias, Esquire
Jones Day
Email: aedias@jonesday.com

Amy K. Pohl, Esquire
Jones Day
Email: akpohl@jonesday.com